USA v. Burke, et al.                   CR-96-050-M    05/06/98
                    UNITED STATES DISTRICT COURT

                    DISTRICT OF NEW HAMPSHIRE


United States,


        v.                              Criminal No. 96-50-1-6-M


John P. Burke, Stephen G. Burke,
Matthew McDonald, Patrick J. McGonagle,
Michael K. O'Halloran, and Anthony M. Shea,
        Defendants



                          **O R D E R**


        Pursuant to Rule 33 of the Federal Rules of Criminal

Procedure, defendant Stephen Burke, joined by each of his co-

defendants, moves for a new trial.  Burke asserts that after the

jury had begun its deliberations, defendants performed an

Internet search and discovered documents suggesting that in the

Spring of 1989 all of the DNA/serology examiners in the FBI

laboratory, except one, failed an open serology proficiency test.

He claims that the government destroyed the results of that test

"so as to avoid controversy from defense attorneys."  Motion for

new trial (document no. 910) at 1.


        Burke also asserts that those documents contain information

suggesting that "band shifting" in certain DNA test results (an

issue raised by defense counsel at trial) was a known problem at

the FBI laboratory and the FBI accepted a 2 to 2.3 percent

variation in band matches (which, according to defendants, could

lead to erroneous matches). On April 13, 1998, the court conducted a hearing on the matter, at which counsel presented their legal arguments and made offers of proof with regard to the testimony they expected certain witnesses would provide, if called.

Burke claims that despite his pre-trial requests, the government failed to produce this "exculpatory" information, in violation of Brady v. Maryland, 373 U.S. 83 (1963). He says that such information was central to his argument that the court should exclude the PCR-based DNA evidence from trial under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). He also claims that if the government had produced such information, his ability to impeach key government witnesses would have been substantially improved. Accordingly, Burke asserts that the documents allegedly withheld by the government were "material" to his defense and, therefore, the government's alleged failure to disclose them warrants granting a new trial. See generally Kyles v. Whitley, 514 U.S. 419 (1995).

In response, the government has submitted the Affidavit of Jenifer Lindsey-Smith, a Supervisory Special Agent of the FBI and Chief of the FBI's Nuclear DNA Analysis Unit. In her affidavit, Special Agent Lindsey-Smith swore that:

> [defendants'] argument is false in every respect. No
> FBI examiner has ever failed a DNA proficiency test.
> All records of these proficiency tests are preserved

2

and have always been available for review by defense counsel and their experts. In 1989 a <u>serology</u> proficiency test was given in which the sample to be tested was degraded, thus invalidating the proficiency test results. A new test was given to the serology examiners. No documents pertaining to either serology proficiency test were destroyed.

Lindsey-Smith affidavit, Exhibit 1 to government's objection (document no. 938) at para. 3 (emphasis in original). Defendants have not rebutted the affidavit of Special Agent Lindsey-Smith. Nor have they contested the government's assertion that Dr. Harold Deadman, its primary DNA expert witness and a former member of the FBI laboratory, was never a <u>serology</u> examiner and, therefore, could not have been one of the examiners who took the test(s) in question.

## Discussion

While newly discovered impeachment evidence may, under appropriate circumstances, warrant a new trial, the court may properly grant a new trial only when the newly discovered evidence is "material" and would likely lead to a different result. See <u>Kyles v. Whitley</u>, 514 U.S. at 433 ("evidence is material, and constitutional error results from its suppression by the government, 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.") (quoting <u>United States v. Bagley</u>, 473 U.S. 667, 682 (1985)); <u>United States v. Sepulveda</u>, 15 F.3d 1216, 1219 (1st Cir. 1993) ("new trials based on newly discovered evidence, or on evidence withheld by the prosecution,

require specified showings as to the likelihood of a different result."). See also United States v. Anderson, No. 96-1635, 1998 WL 130158 (1st Cir. March 27, 1998).

The evidence of defendants' guilt produced at trial was both substantial and compelling. So, even if the court were to accept Burke's claims that the government wrongfully withheld discoverable evidence (which it does not), neither Burke nor his co-defendants have demonstrated that there is even a remote possibility that the evidence in question might have altered the jury's verdict or that it in any way undermines confidence in the jury's verdict. See Sepulveda, 15 F.3d at 1220 ("nondisclosure justifies a new trial if it is 'material,' it is 'material' only if there is a 'reasonable probability' that the evidence would have changed the result, and a 'reasonable probability' is 'a probability sufficient to undermine confidence in the outcome.'") (citations omitted). Similarly, the evidence in question would not have affected the court's admission of DNA evidence under Daubert. At best, the "new" evidence (the probative value of which is, at most, de minimus) might have gone to the weight of the government's evidence and the credibility of its witnesses, not the admissibility of that evidence.

Finally, the court is unpersuaded by defendants' arguments with regard to the so-called newly discovered evidence and band shifting. Defendants were well aware of the band shifting issue

4

and, both in pretrial motions and at trial itself, addressed it with their own expert and in cross-examining the government's expert.  Even viewing the facts in the light most favorable to defendants, the "newly discovered" evidence regarding band shifting is cumulative.  Moreover, defendants have failed to explain why additional evidence regarding the effect(s) of band shifting on the accuracy of DNA test results could not have been discovered prior to trial and/or addressed in greater detail by one or more of their experts.  At best, the so-called newly discovered evidence is merely corroborative of defendants' theory regarding the accuracy of DNA test results.  And, that theory easily could have been adequately presented (or developed in greater detail) at trial through one of defendants' experts even without the documents in question.

## Conclusion

Accordingly, for the reasons set forth above and in the government's objection (document no. 938), Burke's motion for a new trial (document no. 910) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

May 6, 1998

cc:  David A. Vicinanzo, Esq.
     Peter D. Anderson, Esq.
     Matthew J. Lahey, Esq.
     Bruce E. Kenna, Esq.
     Douglas J. Miller, Esq.

5

Michael J. Iacopino, Esq.
Bjorn R. Lange, Esq.
David H. Bownes, Esq.
Edward D. Philpot, Jr., Esq.
U.S. Marshal
U.S. Probation